**In re Gerard D. GRAU, Debtor.**

**No. 98–20516–BKC–PGH.**

United States Bankruptcy Court,
S.D. Florida.

July 23, 2001.

Charles I. Cohen, Boca Raton, FL, for Debtor.

Jack F. Weins, Boca Raton, FL, for trustee.

Kenneth A. Welt, Hollywood, FL, trustee.

## *MEMORANDUM DECISION AND ORDER PARTIALLY OVERRULLING CREDITOR'S OBJECTION TO SETTLEMENT*

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** comes before the Court upon Donald A. Tobkin's (hereinafter the "Creditor") Objection to Trustee's Motion for Approval of Compromise and Settlement with the Debtor (hereinafter the "Settlement"). This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B)(E).

### *BACKGROUND*

This case began on January 26, 1998 when Gerard D. Grau (hereinafter the "Debtor") filed a voluntary Chapter 11 proceeding. On August 10, 2000, the Debtor voluntarily converted his case to Chapter 7. Subsequently, Kenneth A. Welt (hereinafter the "Trustee") was appointed as the Chapter 7 Trustee.

On August 10, 2000, the Creditor filed an Objection to the Debtor's Claimed Exemptions. Similarly, on December 22, 2000, the Trustee filed his own Objection to the Debtor's Claimed Exemptions. The Debtor entered into a Stipulation for Settlement with the Trustee and subsequent thereto a Motion to Approve the Settlement was filed with the Court on May 16, 2001. On June 8, 2001, the Creditor filed an Objection to the Trustee's Motion to Approve Compromise and Settlement with

the Debtor (hereinafter the "Creditor's Objections.")

■ The Creditor's Objections are based on two broad grounds. First, the Creditor objects to the Court's authority to bind an objecting creditor who has filed a separate objection to exemption. Second, the Creditor objects on grounds that the Settlement is not in the best interests of the estate [1]; to-wit, the Creditor objects to Paragraphs 6 and 8 of the proposed Settlement Agreement.[2] On June 28, 2001, the Court, *sua sponte*, bifurcated the Trustee's Motion to Approve the Settlement in order to decide each of the Creditor's grounds for objection separately. The Creditor's objection to the Court's authority to bind an objecting creditor is at issue before the Court today.

### ANALYSIS

■ The issue in the case *sub judice* is whether the Court can approve a settlement agreement which would bind a creditor who has filed a separate objection to exemptions. Stated in the alternative, may the Court enter an Order approving a settlement agreement which, in essence, would prohibit a creditor from proceeding with its separate objection to exemptions. For the reasons stated herein, the Court finds that it does have such authority, and

therefore overrules the Creditor's Objections.

### A. This Court has the Authority to Bind an Objecting Creditor Under 11 U.S.C. § 105(a).

■ 11 U.S.C. § 105(a) states that

**The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.** No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (emphasis added). "Th[is] statutory directive [is] consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships." *United States v. Energy Resources Co.*, 495 U.S. 545, 549, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). Interpreting the scope of § 105, the court in *In re Ashford Hotels Ltd.*, 235 B.R. 734 (S.D.N.Y.1999) stated that

[section 105] grants bankruptcy courts the authority to take action *sua sponte;*

1. In deciding whether the Settlement is in the best interests of the estate, the Court must consider the following criteria:
   (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law;
   (2) the complexity and likely duration of the litigation and any attendant expense;
   (3) all factors bearing on the wisdom of the compromise;
   (4) The difficulties, if any, to be encountered in the matter of collection; and
   (5) The paramount interest of the creditors and a proper deference to their reasonable views in the premises.
   *Protective Committee for Independent Stockholders of T.M.T. Trailer Ferry, Inc. (T.M.T.*

*Trailer) v. Anderson*, 390 U.S. 414, 424–25, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968); *Bruce Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir.1990). As noted *infra*, the Court will make this determination in a later proceeding.

2. Upon payment to the Trustee of $35,000, Paragraph 6 provides for the exemption of, *inter alia*, the Debtor's household goods and furnishings, retirement and checking account, and the Debtor's clothes. Paragraph 8 releases the Debtor's wife from any claim the Trustee or the estate may have against her. It is important to note, however, that Paragraph 8 does not release the Debtor's wife from the Creditor claims independent from the estate.

it is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case ... "Section 105(a) should be construed liberally to enjoin [actions] that might impede the reorganization process."

*Id.* at 740 (citing *In re Momentum Manufacturing Corp.*, 25 F.3d 1132, 1136 (2nd Cir.1994)); *see MacArthur Co. v. Johns–Manville Corp.*, 837 F.2d 89, 93 (2nd Cir. 1988). It is worth noting that the *Ashford* court, though citing to *Momentum Manufacturing Corp.* with regard to a reorganization case, was itself a Chapter 7 case wherein the court was called upon to approve a settlement, much as in the instant case.

■ In the present case, the Court has determined that it is necessary to overrule the Creditor's Objection. To hold otherwise, and allow the Creditor to proceed with his Objection to Exemptions may frustrate this case and the underlying objectives of the Bankruptcy Code. "Given the broad mandate to bankruptcy courts generally to reorganize debtors, to afford a fresh start to debtors and to distribute funds equitably to creditors, an expansive construction [of section 105] is justified." 2 COLLIER ON BANKRUPTCY ¶ 105.01[2], at 105–8 (Lawrence P. King ed., 15th ed.1979).

**B. The Bankruptcy Courts Equitable Powers Support Denial of Creditor's Objections.**

Although the issue before the Court today is whether the Court has the authority to overrule the Creditor's Objections, therefore binding the Debtor to the terms

of the Settlement; the Court finds that its authority to overrule Creditor's Objections is analogous to a court's authority to enjoin creditor suits and thereby facilitate settlements. *See Matter of Munford, Inc.*, 97 F.3d 449, 455 (11th Cir.1996).

■ The Court first notes that public policy strongly favors pretrial settlement in all types of litigation. *Munford*, 97 F.3d at 449; *In re Bicoastal Corporation*, 164 B.R. 1009 (Bankr.M.D.Fla.1993). The rationale behind this policy is that litigation, depending upon their complexity, "can occupy a court's docket for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly elusive". *Munford*, 97 F.3d at 455; *Wald v. Wolfson (In re U.S. Oil and Gas)*, 967 F.2d 489, 493 (11th Cir.1992). Furthermore, litigation costs are particularly burdensome on the bankruptcy estate given the financial instability of the estate. *Munford*, 97 F.3d at 455.

In *Munford*, the Eleventh Circuit affirmed a district court's ruling that 11 U.S.C. § 105 and Federal Rule of Civil Procedure 16[3] authorized a bankruptcy court to permanently enjoin non-settling defendants from asserting contribution and indemnification claims against a defendant consulting firm when the permanent injunction was integral to the debtor's settlement with the consulting firm and the bar order was fair and equitable. *See id.* Similarly, in the case at bar, the Court finds that barring the Creditor from pursuing his Objection to Exemptions is integral to the settlement of this highly contested proceeding, and that absent such bar order, no settlement will be had for

---

**3.** Rule 16 which is incorporated in adversary proceedings under Rules of Bankruptcy 7016, states in pertinent part:

At any [settlement] conference under this rule consideration may be given, and the court may take appropriate action, with respect to

. . . .

(9) settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or local rule.

benefit of the estate and therefore all creditors.

The Court additionally finds that the present case is analogous to situations in class-action lawsuits, where the district court has held that it has the authority to enjoin non-settling defendants from bringing further litigation against settling defendants. In *Wald v. Wolfson (In re U.S. Oil and Gas Litigation)*, 967 F.2d 489 (11th Cir.1992), the court upheld a district court's bar order stating that "bar orders play an integral role in facilitating settlement. Defendants buy little peace through settlement unless they are assured that they will be protected against co-defendants' efforts to shift their losses through cross-claims for indemnity, contribution, and other causes related to the underlying litigation." *Id.* at 494.

Finally, the Court finds support for its position by analogizing this case with the holdings in *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 293 (2nd Cir.1992) and *MacArthur v. Johns–Manville Corp.*, 837 F.2d 89 (2nd Cir.1988). In *In re Drexel Burnham*, the United States Court of Appeals for the Second Circuit affirmed the approval of a settlement agreement enjoining a class of creditors from bringing future actions against certain non-debtors because the "[a]greement was unquestionably an essential element of [debtor's] ultimate reorganization[, and] the injunction [was] a key component of the Settlement Agreement." *In re Drexel Burnham*, 960 F.2d at 293. Similarly, in *Johns–Manville Corp.*, the Second Circuit affirmed a bankruptcy court's injunction of future asbestos-related lawsuits against non-debtor insurers, stating that "the insurance settlement/injunction arrangement was essential ... to a workable reorganization." *Johns–Manville Corp.*, 837 F.2d at 93. Furthermore, the court in *Johns–Manville Corp.* used § 105 as the foundation for its finding that the court had the authority to issue the injunction.

■ In the instant Case, the Court finds that any further objections by the Creditor will be disruptive to the administration of this Case. Further objections will deplete, or even eliminate any distribution for administrative expenses and unsecured creditors. The Creditor's initial claim arose in state court on April 12, 1990, resulting in a Judgment being entered on January 14, 1998. As noted above, the Debtors's case was first filed in the very beginning of 1998. Since then, the parties have continued their litigation in this Court with nearly eight-hundred court documents having been filed in this case, the majority of which have been filed by the Creditor or in response to proceedings filed by the Creditor. It is clear to the Court that no end to the litigation is in sight unless the Settlement Agreement is approved. Therefore, it is essential to the orderly administration of this case and in order to preserve any assets for distribution to creditors, for the Court to Overrule Creditor's Objection. As such, under § 105 of the Bankruptcy Code and the above mentioned case law, the Court finds that it does have the authority to Overrule Creditor's Objection.

### CONCLUSION

For the reasons offered above, the Court finds that it does possess the authority to approve a settlement agreement which would bind a creditor who has filed a separate objection to exemptions. The Court shall determine at a later date whether the Trustee's Settlement is in the best interests of the estate.