**In re ARTER & HADDEN, LLP, Debtors.**

**No. 03–23293.**

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

May 18, 2007.

---

Barbara Mandell, Los Angeles, CA, Paul E. Harner, Columbus, OH, Ryan Routh, Jones Day, Cleveland, OH, for Debtors.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is the Trustee's Motion for Order: A) Approving the Settlement of Claims Against the Settling Banks; B) Approving the Settlement of Certain Claims by the Settling Banks Against the Estate and Settling Partners; C) Allowing Certain Claims in Favor of Certain Settling Banks; D) Authorizing the Trustee to Enter into Releases; and E) Barring Creditors and Other Parties from Bringing or Maintaining Actions or Causes of Action Against Settling Banks ("Motion"). The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. The parties appeared before the Court at a duly noticed hearing on the Motion on April 24, 2007. The matter was taken under advisement and adjourned until May 1, 2007. Prior to the adjourned hearing, several parties filed supplemental pleadings in support of the Motion and the Court has considered the supplements. At the adjourned hearing, a bench ruling issued denying the Motion. The following Memorandum of Opinion and Order is issued consistent with the May 1, 2007 bench ruling:

\*

An involuntary bankruptcy petition was filed against the Debtor on October 6, 2003. An order for relief was issued on January 8, 2004 and Marc P. Gertz was appointed as Trustee on January 9, 2004. The Trustee filed a complaint against certain former partners of Arter & Madden on September 18, 2005 (the "Partner Adversary Proceeding".) The Trustee also filed two adversary proceedings against various banks, including JPMorgan Chase Bank, N.A., Chase Equipment Leasing Inc., The Huntington National Bank, Com-

pass Bank and Bank One, Texas, NA and Banc One Capital Partners IV, Ltd. Also, in October 2006, JPMC and Huntington filed a state court action against certain former Arter & Hadden partners. That case was removed to this Court and is stayed pending the Court's consideration of the Motion to Compromise.

\* \*

The Trustee seeks for this Court to approve what has been referred to as a "global settlement" of the various causes of action related to the Arter & Hadden bankruptcy case. Specifically, the Trustee alleges that a global settlement is necessary because 1) some of the Settling Banks are large creditors of the Estate, and therefore would have a significant voice in whether the Trustee's settlement with the Trustee Settling Arter Defendants could be approved; 2) the Settling Banks had opposed approval of settlements the Trustee had reached with other former Arter partners and the Trustee presumes such opposition would continue; 3) reaching agreement with the Settling Banks would result in the release of the their claims against the Trustee Settling Arter Defendants, and the dismissal of the Removed Action against the Trustee Settling Arter Defendants and Other Settlers, and 4) resolving the two bank adversary proceedings would enable the Estate to minimize further discovery disputes and to reduce ongoing administrative expenses.

If the Court approved the settlement, then the Settling Banks will withdraw their objections to the settlements the Trustee reached with former partners and certain procedures and protocols will be instituted to facilitate discovery in the Bank Adversary Proceeding. The Trustee moves for approval of the Settlement Agreement pursuant to 11 U.S.C. §§ 105 and 363 and Bankruptcy Rule 9019.

At the initial hearing on the Trustee's Motion, the Court specifically inquired under what authority it could approve Provision E of the Motion, which would bar creditors and other parties from bringing or maintaining causes of action against the Settling Banks ("Bar Order"). Without specific request from the Court, certain parties submitted supplemental briefing on the issue whether this Court has jurisdiction to approve the Bar Order and provisions related to the Bar Order. It is this provision which the Court now addresses.

\* \* \*

The dispositive issue for the Court is whether it has jurisdiction to approve the Bar Order, which would enjoin non-debtor third parties from bringing causes of action against the Settling Banks, also non-debtor third parties.

\* \* \* \*

■ The Trustee asserts that approval of the Settlement Agreement is appropriate pursuant to 11 U.S.C. §§ 105 and 363 and Bankruptcy Rule 9019. However, before this Court can address the propriety of the settlement agreement under those provisions, it must first determine whether there is a basis for subject matter jurisdiction.

> Subject matter jurisdiction and power are separate prerequisites to the court's capacity to act. Subject matter jurisdiction is the court's authority to entertain an action between the parties before it. Power under section 105 is the scope and forms of relief the court may order in an action in which it has jurisdiction.

*American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.),* 885 F.2d 621, 624 (9th Cir.1989) (citations omitted.); *see also, Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.),* 910 F.2d 784, 787 (11th Cir.1990)(noting that first step in determining the existence of

bankruptcy jurisdiction is whether federal jurisdiction exists in the district court); *United States Dep't of Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1475 (4th Cir.1990)(stating that § 105 injunction cannot exceed court's jurisdiction.)

■■■ "The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Exxon Mobil Corp. v. Allapattah Services*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005)(internal quotations omitted). Accordingly, "parties cannot confer federal jurisdiction by agreement." *Shapo v. Engle*, 463 F.3d 641, 645 (7th Cir.2006). Federal courts have an independent duty "to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). It is the party "invoking federal jurisdiction [that] bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

■ The jurisdiction of bankruptcy courts, "like that of other federal courts, is grounded in, and limited by statute." *Celotex Corporation v. Edwards*, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." A district court may refer "any or all proceedings arising under title 11 or arising in or related to a cause under title 11 ... to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Where a bankruptcy court is asked to adjudicate matters between non-debtor parties, the court's "related-to" jurisdiction must necessarily be invoked. *Feld v. Zale Corporation*, 62 F.3d 746 (5th Cir.1995); *see also Quattrone Accountants, Inc., v. I.R.S.*, 895 F.2d 921, 926 (3d Cir.1990)("Since we are determining the bankruptcy court's jurisdiction over a case between two non-debtors, we must examine the 'related to' language of Section 1334.").

■■■ A matter is related to a bankruptcy case where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Celotex*, 514 U.S. at 307, 115 S.Ct. 1493. However, "a bankruptcy court's 'related to' jurisdiction cannot be limitless." *Id.* at 308, 115 S.Ct. 1493. An "overbroad construction of § 1334(b) may bring into federal court matters that should be left for state courts to decide." *Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161–62 (7th Cir.1994).

■■■ A bankruptcy court may have related jurisdiction over a third-party dispute where "the subject of the third-party dispute is property of the estate, or because the dispute over the asset would have an effect on the estate." *Feld*, 62 F.3d at 753. *See also, Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1143 (6th Cir.1991)(holding that third-party action related to bankruptcy because debtor had agreed pursuant to reorganization plan to indemnify creditor, and distinguishing cases where the third-party claimant had no indemnification agreement, and where claimant was not a creditor.)

 Shared facts "between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related—to' the bankruptcy." *Id.* Nor is judicial economy alone sufficient to justify a finding of jurisdiction. *Id. See also, In re Boone,* 52 F.3d 958, 961 (11th Cir.1995) and *In re Kubly,* 818 F.2d 643, 645 (7th Cir. 1987)("Like other federal courts, a bankruptcy tribunal is one of limited jurisdiction. Its power must be conferred, and it may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute.")

Accordingly, "the district court's desire to foster and encourage and then preserve settlement in federal court does not in and of itself confer jurisdiction." *Feld,* 62 F.3d at 754. While a bankruptcy court does, pursuant to Bankruptcy Rule 9019, have jurisdiction to determine whether a settlement is fair and equitable, "looking only to the fairness of the settlement as between the debtor and the settling claimant [and ignoring third-party rights] contravenes a basic notion of fairness." *In re AWECO, Inc.,* 725 F.2d 293, 298 (5th Cir.1994); *see also Cullen v. Riley (In re Masters Mates & Pilots Pension Plan),* 957 F.2d 1020, 1031 (2d Cir.1992)(holding that "where the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval," and requiring determination that "no one has been set apart for unfair treatment.")

 The "fair and equitable" determination "does not give the bankruptcy court jurisdiction over settlement conditions that do not bear on the court's duties to preserve the estate and protect creditors." *Feld,* 62 F.3d at 754. Accordingly, a bankruptcy court can only include an injunction as part of a settlement once

jurisdiction has been established, *In re Davis,* 730 F.2d 176, 183–84 (5th Cir.1984); *see also, In re Continental Airlines,* 203 F.3d 203, 214 n. 12 (3d Cir.2000) (noting with concern "that the Bankruptcy Court apparently never examined its jurisdiction to enjoin Plaintiffs' claims against non-debtors. Although bankruptcy subject matter jurisdiction can extend to matters between non-debtor third parties affecting the debtor or the bankruptcy case, a court cannot simply presume it has jurisdiction in a bankruptcy case to permanently enjoin third-party class actions against non-debtors.")

\* \* \* \* \*

During the initial hearing on the Trustee's Motion to Compromise, the Court addressed specific portions of the proposed compromise which were not problematical and took the matter under advisement for further consideration. The Court fully understands the global resolution sought by the parties.

There are, however, a few provisions of the proposal which are problematical. The most troublesome provision is the Bar Order, which purports to enjoin future causes of action by anyone against the Settling Banks. Specifically, at page 11 of the Motion, certain language indicates that the Trustee will seek a "bar order" that would preclude the Trustee, Settling Arter Defendants, any creditor, or any third party from seeking to recover from the Settling Banks in regard to any of the claims the Trustee or Estate is releasing. It further asserts, at page 11, "The Agreement further provides that if the proposed bar order is not approved and entered in a form satisfactory to the Settling Banks, any Settling Bank may withdraw from the Agreement or, if one of the Settling Banks withdraws, the Trustee may terminate the Entire Agreement."

The Proposed Order approving the Settlement, page 2(B), includes a finding that the Bar Order Provisions are found to be fair and equitable. The Court does not so find and such language must be stricken. Further, page 2(G) includes the following unacceptable language:

> The Compromise includes a requirement that this Court enter an approval order that contains provisions, accepting to the Settling Banks, that bar and enjoin claims by any person against the Settling Banks as further described in paragraph 3 of this Order (the "Bar Provisions"). The Settling Banks and Trustee Settling Arter Defendants would not have agreed to the Compromise absent the inclusion of the Bar Provisions, and entry of an approval order the contains acceptable Bar Provisions is a necessary element, and a condition to the effectiveness, of the Compromise.

Page 3(H) inaccurately indicates that the Bar Provisions will not finally prejudice any person. Finally, page 4, paragraph (3) states the following:

(3) **Any and all claims,** obligations, demands, actions, causes of action, and liabilities of whatever kind, nature, character, or description, whether in law or equity, regardless of supporting legal principles, whether known or unknown, matured or unmatured, liquidated or unliquidated, on, before or after July 15, 2003, past, present, or future, fixed, contingent, actual or potential that have been or could be asserted against any of the Settling Banks, Bank One, Texas, N.A., Banc One Capital Partners, IV, Ltd. and, as applicable, each of their respective former, present, and future parents, subsidiaries, affiliates, officers, directors, partners, members, shareholders, employees, agents, advisors, attorneys, predecessors, assigns, and insurers (but excluding former partners of Arter & Madden LLP who are not Trustee Settling Arter Defendants or Other Settlers, as defined in the Agreement) based upon any fact, circumstances, or occurrence relating to Arter & Hadden LLP, the bankruptcy estate of Arter & Hadden LLP, or any related proceeding (the "Barred Claims") of **any person** shall be, and hereby are, extinguished, discharged, barred, restricted, deemed satisfied, and/or otherwise unenforceable, This Order constitutes a bar to, and **permanently enjoins,** the assertion or prosecution of any Barred Claims, and this Court has, and will continue to exercise, jurisdiction over all the Parties to this Compromise and over any person who may assert any Barred Claims contrary to the provisions of this Order and the Court further orders that all such Parties and **persons are subject to the jurisdiction** of the Court.

(Emphasis added).

██ Although it is fully recognized that the law favors compromise and Congress has enacted a procedure under Rule 9019 for the Court's application, such is not without limitation. The language of the several provisions addressing the effect of the proposed Bar Order are too pervasive and, effectively, requests relief far in excess of this Court's jurisdiction, where it seeks to enjoin actions by any person against non-debtor parties.

██ Parties, through negotiated efforts, cannot confer jurisdiction upon a court where Congress has not bestowed such jurisdiction in order to achieve a compromise. Even the equitable powers of the bankruptcy court are not without limitation. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 317, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999). The parties herein, have not

persuasively convinced the Court of any applicable authority in this regard.

The only cases cited by the Trustee in his Motion in support of the Bar Order are cases that involve a Bar Order preventing non-settling defendants from pursuing an action against a non-debtor party, Such factual situation is markedly different from the situation at hand, where the Trustee seeks to bar "any person" from bringing claims against the Settling Banks.

For example, in *In re United States Oil & Gas Litigation,* 967 F.2d 489, 493–96 (11th Cir.1992), the court stated that when determining whether to enter a bar-order against non-settling defendants, the court should consider the interrelatedness of the claims that the bar order precludes, the likelihood of non-settling defendants to prevail on the barred claim, the complexity of the litigation and the likelihood of depletion of the resources of the settling defendants. Herein, it is impossible for this Court to enter into such an analysis because the Court has no information about the parties being barred from bringing claims, The Bar Order in this case is extremely broad, barring "any person" and the Court cannot determine the interrelatedness of claims or the likelihood of success of the non-settling parties in bringing such claims. Accordingly, the cases cited by the Trustee in his Motion are inapposite to this case.

In his Supplemental Brief in support of his Motion, the Trustee cites to several cases that involve the release of a non-debtor party from actions brought by **creditors**. *See In re Grau,* 267 B.R. 896 (Bankr.S.D.Fla.2001)(approving settlement between Trustee and debtor on Trustee's objection to exemption and overruling creditor's objection to settlement despite fact that settlement would prohibit creditor from pursuing its objection to exemption); *In re Drexel Burnham Lambert*

*Group, Inc.,* 960 F.2d 285 (2d Cir.1992)(upholding settlement agreement that enjoined class of creditors from bringing future actions against debtor's directors and officers and noting that in bankruptcy cases "a court may enjoin a creditor from suing a third party, provided the injunction plays an important part in the debtor's reorganization plan."); *In re PNC Fin. Serve. Group, Inc., Sec. Litig.,* 440 F.Supp.2d 421, 440 (D.Pa.2006)(overruling objections by non-settling defendant and approving settlement); and *In re Romagosa,* 2006 WL 2085461 (M.D.Fla.2006)(approving release of non-debtors from suits by creditors where settlement agreement released parties to underlying state court litigation).

It should also be noted that the Second Circuit significantly limited its holding in the *Drexel* case by its decision in *In re Metromedia,* 416 F.3d 136 (2d Cir.2005). In that ease, the court noted that although the bankruptcy court can enjoin a creditor from suing a third party, "[n]o case has tolerated nondebtor releases absent the finding of circumstances that may be characterized as unique," *Id.* at 142. The court justified the reluctance to approve non-debtor releases in part because

> a nondebtor release is a device that lends itself to abuse. By it, a non-debtor can shield itself from liability to third parties. In form, it is a release; in effect, it may operate as a bankruptcy discharge arranged without a filing and without the safeguards of the Code. The potential for abuse is heightened when releases afford blanket immunity.

*Id.*

The court further noted that the release at issue in *Metromedia* did afford blanket immunity in that it protected against any claims relating to the debtor "whether for tort, fraud, contract, violations of federal

or state securities laws, or otherwise, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured." *Id.* The court ultimately reversed the bankruptcy court's approval of the release. *Id.* at 143. Similarly, the Bar Order in this case provides blanket immunity to the Settling Banks, barring "any claim" by "any person" related to the Arter & Hadden bankruptcy case. The Sixth Circuit similarly has also adopted an "unusual circumstances" test where a plan of reorganization contains a bar order that enjoins suits against nondebtor parties. *In re Downing Corp.*, 280 F.3d 648 (6th Cir. 2002).

Again, the Bar Order in this case is much broader than creditors and applies to "any person." None of the cases cited by the Trustee stand for the proposition that this Court can bar *any person* from bringing an action against the non-debtor parties.

Under United States bankruptcy law, jurisdiction is a unique concept, as compared to jurisdiction in a typical non-bankruptcy civil action, whether such is in state or federal court. Although its jurisdiction was expanded previously under the 1978 Bankruptcy Code, as amended, it is exclusively related to the power of the bankruptcy court to resolve disputes that arise in cases pending before that court. Herein, the Trustee has failed to establish that this Court has jurisdiction to enter the Bar Order, and such was his burden. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210(1998).

Accordingly, the Trustee's Motion for Order: A) Approving the Settlement of Claims Against the Settling Banks; B) Approving the Settlement of Certain Claims by the Settling Banks Against the Estate and Settling Partners; C) Allowing Certain Claims in Favor of Certain Set-

tling Banks; D) Authorizing the Trustee to Enter into Releases; and E) Barring Creditors and Other Parties from Bringing or Maintaining Actions or Causes of Action Against Settling Banks is hereby **DENIED.**

**IT IS SO ORDERED.**