# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2798

_____

In re:  Martin J. McAlpin,              *
                                        *
                Debtor,                 *
-----------------------------------     *
Martin J. McAlpin,                      *
                                        *
                Appellant,              *
                                        *   Appeal from the United States
        v.                              *   Bankruptcy Appellate Panel
                                        *   for the Eighth Circuit.
Educational Credit Management           *
Corporation,                            *
                                        *
                Appellee.               *

_____

Submitted:  December 28, 2001

Filed:  January 28, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Martin McAlpin filed for Chapter 13 bankruptcy in 1993.  Educational Credit Management Corporation (ECMC) filed a late claim for principal, interest, and collection costs and fees on Mr. McAlpin's defaulted student loans.  Mr. McAlpin's plan did not provide for payment of ECMC's claim, and in January 1999

Mr. McAlpin completed the plan payments and received a discharge. Two days after receiving the discharge, Mr. McAlpin filed an objection to ECMC's proof of claim, arguing that the claimed collection costs were excessive under federal regulations relating to education loans (the claim-objection proceeding). ECMC did not respond, and on March 4, 1999, the bankruptcy court entered a default order holding ECMC could recover only the unpaid principal and interest. ECMC did not appeal the order.

When ECMC continued to attempt to recoup the collection costs, Mr. McAlpin successfully reopened the bankruptcy case and filed an adversarial proceeding seeking enforcement of the bankruptcy court's March 4 order. The bankruptcy court issued an order permanently enjoining ECMC from taking any action to recoup the collection costs the court had disallowed in its March 4 order. ECMC appealed the enforcement order to the Bankruptcy Appellate Panel (BAP), which reversed on the basis that the bankruptcy court lacked subject matter jurisdiction, because the BAP concluded the court had lacked subject matter jurisdiction to grant the underlying March 4 order. Mr. McAlpin appeals the BAP's reversal of the enforcement order.

On appeal, Mr. McAlpin and ECMC take contrary positions on whether the bankruptcy court had subject matter jurisdiction over the claim-objection proceeding, and hence whether the court had jurisdiction to enforce the March 4 order. See 11 U.S.C. § 105 (bankruptcy court has power to enforce or implement orders).

We agree that the bankruptcy court did not have jurisdiction in the claim-objection proceeding under 28 U.S.C. §§ 157(b) or (c) (establishing core and non-core bankruptcy court jurisdiction), because (1) Mr. McAlpin's challenge to the propriety of the claimed collection costs came after his discharge, so the claim could no longer have been against the estate, and thus did not involve a right created by bankruptcy law or arising only in bankruptcy, see Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773 (8th Cir. 1995) (core proceedings); and (2) the claim-objection proceeding was not related to the bankruptcy, because at the time

Mr. McAlpin objected to the claim there was no longer a plan to be confirmed, or an estate, and therefore the proceeding could not conceivably have affected his estate, see id. at 773-74 (non-core proceedings must have "conceivable effect" on administration of debtor's estate); In re Fairfield Cmtys., Inc., 142 F.3d 1093, 1095 (8th Cir. 1998) (once bankruptcy debtor's reorganization plan has been confirmed, debtor's estate, and thus bankruptcy court's jurisdiction, ceases to exist; bankruptcy court is not meant to protect parties with regard to post-confirmation matters). Because the bankruptcy court did not have jurisdiction over the proceeding that resulted in the enforcement order, it also lacked jurisdiction over the enforcement proceeding.

Accordingly, we affirm the decision of the Bankruptcy Appellate Panel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.