**In re Amy D. BLUMENSCHEIN, Debtor.**

No. 97–57450.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Sept. 25, 2002.

John F. Cannizzaro, Cannizzaro, Fraser, Bridges & Jillisky, Marysville, OH, for Debtor.

Simon Groner, Cincinnati, OH, for Sallie Mae Servicing Corporation.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### OPINION AND ORDER ON MOTION FOR CONTEMPT AND ORDER TO SHOW CAUSE (POSSIBLE DISCHARGE VIOLATION)

BARBARA J. SELLERS, Bankruptcy Judge.

On June 12, 2002 debtor Amy Blumenschein filed a motion requesting the Court to order Sallie Mae Servicing Corporation ("Sallie Mae") to appear and explain why certain of its actions were not in contempt of the discharge order entered in this case. The Court issued the requested order and Sallie Mae did not reply. On July 25, 2002, however, Sallie Mae appeared at the hearing and indicated that it was the prop-

er party for all of the debtor's student loans referenced in the motion and order.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(O).

The debtor filed her case under chapter 13 of the Bankruptcy Code on August 15, 1997. Her plan, confirmed on November 6, 1997, called for payments to the chapter 13 trustee in the amount of $300 each month for 24 months and $350 each month for the remainder of the plan. From those payments the trustee was to pay in full administrative expenses, priority unsecured claims, and secured claims. All allowed general unsecured claims were to be paid 10% except for the debts to Sallie Mae which were to be "paid in full through the chapter 13 plan." The debtor made the payments required under the plan and, on April 24, 2002, the Court issued a discharge pursuant to 11 U.S.C. § 1328(a). That discharge was served on all parties in the case.

Approximately six weeks later, Sallie Mae sent the debtor a demand for the payment of $1,791.29. The debtor alleges that Sallie Mae's attempt to collect this debt is barred by her discharge. Sallie Mae responds that only the prepetition portion of its obligation was included in the discharge. Sallie Mae further argues that it continues to hold nondischargeable obligations equal to the amount of postpetition interest on its loans which was not paid by the trustee under the plan. No postpetition interest was included in Sallie Mae's proof of claim.

If Sallie Mae is to be held in contempt of the discharge order for attempting to col-

lect portions of its debts postdischarge, the Court must find that the debts now asserted were intended to be included in the payments under the plan and were, therefore, "provided for" by the plan within the meaning of 11 U.S.C. § 1328(a). Subject to the time limitations imposed on student loans prior to October 7, 1998, many of the debtor's student loan obligations may be excluded from her chapter 13 discharge.[1] Unless specifically classified to be paid in full, including any interest which might accrue under the various loan agreements postpetition, the unpaid portions of such nondischargeable debts will not be discharged and can properly be collected by Sallie Mae postdischarge without violation of the discharge injunction.

The issue is whether the debtor's plan language—"paid in full through the chapter 13 plan"—properly notified Sallie Mae that its proofs of claim should include all interest which would accrue over the course of the plan. For reasons set forth below, the Court finds that such notice is not sufficient and the postpetition interest was not, therefore, "provided for" by the plan or discharged upon completion of the plan.

Initially, the Court notes that, standing alone, the phrase "paid in full" is ambiguous. The debtor, as the drafter, would be charged with any ambiguity in her proposal to Sallie Mae. Further, § 502(b) of the Bankruptcy Code makes unenforceable any claim for unmatured interest. Therefore, if a plan intends to pay amounts which would otherwise be subject to objection and disallowance, the plan language must specifically direct the creditor to include appropriate formulas or calculations for the underlying notes so that the chapter 13 trustee will be properly instructed to make such payments. Without that

---

**1.** Although certain exceptions exist to this rule which may be applicable to this case because it was filed in 1997, no such exceptions have been asserted.

specificity, the trustee cannot properly pay the correct amount of postpetition interest. Student loan obligations are especially difficult in this regard because they often are in a deferred status or have had several notes combined with a resulting interest rate which is different from what is specified in the original loan documents. If the debtor wants the discharge to include all of those otherwise nondischargeable amounts, the plan directive to the claimant must be clear and detailed as to what is to be included in the creditor's proofs of claim. This is particularly important for items which would otherwise not be allowable in a proof of claim.

Based on the foregoing, the Court finds that Sallie Mae has shown cause why its actions in attempting to collect postpetition interest on the debtor's student loans did not violate the discharge injunction previously issued in this case. Accordingly, the debtor's motion is **DENIED** and the Court's order has been satisfied.

**IT IS SO ORDERED.**