**In re Michael T. UBER, Lorraine M. Uber, Debtors.**

**Lorraine M. Uber, Plaintiff**

**v.**

**Nelnet, Inc., et al., Defendant.**

**Bankruptcy No. 04–38737. Adversary No. 10–3249.**

United States Bankruptcy Court, S.D. Ohio, Western Division, at Dayton.

March 8, 2011.

---

Michael J. Ellerbrock, Dayton, OH, for Plaintiff.

Nelnet Inc., pro se.

Educational Credit Management Corporation, pro se.

Jeffrey S. Rosenstiel, Frost Brown Todd LLC, Cincinnati, OH, for Defendant.

**Decision: 1) Dismissing Certain Claims in Debtor's Complaint and 2) Determining that the Court Has Subject Matter Jurisdiction Over Remaining Claim**

GUY R. HUMPHREY, Bankruptcy Judge.

During a pretrial conference conducted on October 26, 2010, the court raised the

issue of its subject matter jurisdiction over this matter involving the propriety of two creditors' attempted collection of amounts allegedly due on a nondischargeable student loan obligation following a debtor's Chapter 13 discharge. During the conference, the court set a briefing schedule for Plaintiff–Debtor Lorraine M. Uber ("Debtor") and Defendant Educational Credit Management Corporation ("ECMC") to address the matter [adv. doc. 15].[1] Joint stipulations [adv. doc. 17] and briefs [adv. docs. 18, 20 & 21] were filed.

After reviewing the parties' filings and analyzing the legal issues, the court makes the following determinations. First, the court lacks subject matter jurisdiction to determine the amount or propriety of the post-petition interest and collection costs that may have accrued on the nondischargeable student loan debt owed to ECMC. Consequently, the court dismisses the Debtor's claims requesting a determination that ECMC is not owed post-petition interest and collection costs and a calculation of the amount owed.

However, the Debtor further contends that ECMC may be attempting to collect amounts already distributed to the creditor pursuant to the terms of her confirmed Chapter 13 plan. The court retains jurisdiction to address this issue and determine whether the creditors' post-discharge collection efforts violate the binding plan and confirmation order.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 1995 Debtor became obligated on a promissory note ("Student Loan Note") to Defendant Nelnet, Inc. ("Nelnet"). The Student Loan Note refinanced five student loans in the total amount of $12,190.16 [Joint Stipulations, adv. doc. 17, ¶¶ 1–2] and bears interest at a fixed rate of nine percent (9%) per annum [Id., ¶ 3].

On October 8, 2004 Debtor filed her Chapter 13 bankruptcy petition [Id., ¶ 4]. As of that date the Debtor was indebted to Nelnet on the Student Loan Note in the amount of $24,147.04 and Nelnet filed a proof of claim in the bankruptcy case for that amount [Id., ¶¶ 5–6]. The claim did not include post-petition interest [Id., ¶ 13]. In April 2005 Nelnet assigned the claim to ECMC and filed a notice of the assignment in the bankruptcy case [Id., ¶ 7].

No objections were filed to ECMC's claim and it was allowed and paid in full by the Chapter 13 Trustee in an amount totaling $24,147.04 [Id., ¶¶ 9, 12]. On December 15, 2009 the court entered its Discharge of Debtor granting a discharge "from all debts provided for by the plan or disallowed under 11 U.S.C. Section § 502, except any debt: (a) provided for under 11 U.S.C. § 1322(b)(5); (b) of the kind specified in 11 U.S.C. Section § 523(a), (8), or (9)" [Id., ¶ 10]. The parties agree that the Debtor's student loan obligation to ECMC under the Student Loan Note is of the type specified in 11 U.S.C. § 523(a)(8) [Id., ¶ 11].

On July 6, 2010 the Debtor filed her *Complaint for Declaratory Judgment and Other Relief* [Complaint, adv. doc. 1]. The Complaint alleges that in February 2010, after the bankruptcy discharge, the Debtor received a notice letter from Nelnet advising her that she still owed $17,513.56 on the student loan obligation, that the amount included unpaid principal totaling $10,014.83, and that the amount would con-

---

1. Defendant Nelnet, Inc., the second student loan creditor named as a defendant in the Complaint, has not filed an answer and did not take part in the briefing of this jurisdictional issue.

tinue to accrue interest at 9% [*Id.*, ¶ 9]. The Complaint further alleges that in June 2010 the Debtor received a notice letter from ECMC advising her that she was in default on her student loan obligation and demanding that payment arrangements be made [*Id.*, ¶ 10]. The Debtor requests a declaratory judgment that her entire loan to Nelnet and ECMC has been discharged and that she owes them "nothing whatsoever" [*Id.*]. Alternatively, the Debtor prays for an order:

> that if she owes any remaining amount to the defendants on her student loans, said amount must be limited to interest that may have accrued on unpaid principal subsequent to the filing of her Chapter 13 petition, and that said principal was entirely paid off and discharged, and that no further interest may be charged to the Plaintiff for any amount that remains owing.

[*Id.*].

ECMC filed an answer admitting that the Debtor made payments during her Chapter 13 case and received her discharge but denying that nothing more is owed [Answer, adv. doc. 9]. Instead, ECMC asserts that the Debtor remains liable for post-petition interest and other amounts that continued to accrue on the nondischargeable student loan debt during and after her Chapter 13 case [*Id.*]. ECMC's Answer does not contain a calculation of what the creditor believes is currently owed [*Id.*]. However, in a joint pre-trial statement, ECMC "contends that Mrs. Uber still owes $10,398.14 towards her student loan indebtedness" [adv. doc. 12], a lesser amount than what was alleg-

edly demanded by Nelnet in its letter sent to the Debtor following her discharge.

## *LEGAL ANALYSIS*

██ The issue raised by the court[2] and briefed by the parties is the breadth of its subject matter jurisdiction to determine the issues raised by the Debtor in her Complaint. The Debtor's claims against Nelnet and ECMC are set forth in the context of a declaratory judgment action which, unfortunately, obfuscates the precise nature of the Debtor's claims. It is clear from the Complaint that the Debtor would like the court to determine whether or not a student loan creditor with a non-dischargeable debt is entitled to collect post-petition interest and other collection costs and, if so, the amount owed to the specific creditors in this case. However, while more vaguely stated, the Debtor also requests a determination of whether Nelnet and ECMC are attempting to collect principal and interest that accrued prior to her bankruptcy filing and were part of the allowed claim paid in full through the Chapter 13 plan. Determining the court's authority to consider these issues must begin with some background on the often complex and misunderstood jurisdiction granted to bankruptcy courts. *Thickstun Bros. Equip. Co., Inc. v. Encompass Servs. Corp. (In re Thickstun Bros. Equip. Co., Inc.)*, 344 B.R. 515, 519 (6th Cir. BAP 2006) (noting that the "jurisdictional framework that applies in bankruptcy cases is frequently confusing and difficult to apply").

██ As courts of limited jurisdiction, bankruptcy courts find their jurisdictional

---

**2.** Because bankruptcy courts are courts of limited jurisdiction, they have a "continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Michigan Emp't Sec. Comm. v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1137 (6th Cir.1991). *See also In re Arter & Hadden, LLP*, 373 B.R. 31, 35 (Bankr. N.D.Ohio 2007) (noting that "[f]ederal courts have an independent duty 'to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction' ").

authority and limitations in statute. *Celotex Corp. v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Statute confers upon district courts "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). In addition, district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In turn, district courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 ... to the bankruptcy judges for the district." 28 U.S.C. § 157(a). In this district the district court has referred all such proceedings to this court through General Order No. 05–02 of the United States District Court for the Southern District of Ohio.

■■■ Proceedings referred to a bankruptcy court are further divided into core and non-core proceedings and a bankruptcy court's powers differ with respect to each type. *See* 28 U.S.C. § 157(b) and (c). Core proceedings include: 1) those "arising under title 11" such as causes of action created or determined by a statutory provision of the Bankruptcy Code; and 2) "arising in" proceedings which are "those that, by their very nature, could arise only in bankruptcy cases." *Michigan Emp't Sec. Comm. v. Wolverine Radio Co., Inc.,* 930 F.2d 1132, 1144 (6th Cir.1991). *See also Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers (In re Dow Corning Corp.),* 86 F.3d 482, 489 (6th Cir. 1996). A bankruptcy court is vested with full judicial power to hear and decide core proceedings pursuant to 28 U.S.C. § 157(b)(1). *Id.*

■■■ Conversely, a non-core proceeding is one that does not "invoke a substan-tive right created by federal bankruptcy law and is one that could exist outside of ... bankruptcy" *Id.* Nonetheless, the matter may still be related to bankruptcy if "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy'" or "could alter the debtors' rights, liabilities, options or freedom of action (either positively or negatively)...." *Id.* at 1142 (adopting the reasoning enunciated in *In re Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)). While a bankruptcy court has jurisdiction to hear non-core but "related to" proceedings, its powers are limited to submission of proposed findings of fact and conclusions of law to the district court for de novo review. *Id.* at 1144.

■■■ Recognizing that "related to" jurisdiction represents the broadest scope of jurisdiction provided to bankruptcy courts, ECMC focuses its argument on whether the Debtor's declaratory judgment action meets this jurisdictional requirement. ECMC argues that the bankruptcy court lacks "related to" jurisdiction over the Debtor's claims because ECMC's right to collect post-petition interest and post-petition collection costs due on its nondischargeable debt arises under the terms of the parties' contract, rather than bankruptcy law, and the amounts continue to accrue unaffected by the Debtor's bankruptcy case. The court agrees.

■■■ It is well settled that if interest and collection costs are provided by contract, these amounts will continue to accrue post-petition on the unpaid balance of a nondischargeable student loan obligation [3] during the course of a debtor's

---

**3.** Student loan obligations are nondischargeable in Chapter 13 cases pursuant to 11

U.S.C. §§ 523(a)(8) and 1328(a)(2) unless the debtor obtains a determination that the debt

Chapter 13 case and while payments are being made under a debtor's confirmed plan. *United States Dept. of Ed. v. Harris*, 339 B.R. 673, 677 (W.D.Tenn.2006); *In re Thurston*, 2008 WL 3414138, at *6 (Bankr.N.D.Ohio Aug.8, 2008) ("... it is well established that student loan obligations, being nondischargeable ... may continue to accrue interest and other fees during the course of a debtor's Chapter 13 repayment plan."); *In re Williams*, 253 B.R. 220, 227 (Bankr.W.D.Tenn.2000). Like the pre-petition balance, post-petition interest and other costs are nondischargeable in bankruptcy and remain a personal liability of the debtor following the bankruptcy discharge.[4] *Harris*, 339 B.R. at 677; *Thurston*, 2008 WL 3414138, at *6. Thus, a debtor may pay 100% of an allowed pre-petition student loan claim through her Chapter 13 plan and still be liable to the student loan creditor following her discharge for the accrual of post-petition interest and other costs during the life of the plan. *In re Sprolito*, 359 B.R. 423, 428 (Bankr.D.P.R.2006) ("... even a 100% plan cannot pay off a nondischargeable interest bearing student loan."); *In re Blumenschein*, 283 B.R. 908, 909–10

(Bankr.S.D.Ohio 2002); *In re Loving*, 269 B.R. 655, 661 (Bankr.S.D.Ind.2001) (because a nondischargeable student loan debt continues to accrue interest through the life of a Chapter 13 plan, it is "virtually inevitable that a balance will remain due following completion of the plan"); *Wagner v. Ohio Student Loan Comm. (In re Wagner)*, 200 B.R. 160, 162–64 (Bankr. N.D.Ohio 1996).

Because these post-petition amounts arise out of the parties' contract and accrue unaffected by and apart from the debtor's bankruptcy case, two circuit courts have determined that bankruptcy courts lack even "related to" jurisdiction to calculate the amount of post-petition interest and collection costs owed on the nondischargeable debt. *Educ. Credit Mgmt. Corp. v. Kirkland (In re Kirkland)*, 600 F.3d 310, 317 (4th Cir.2010) (concluding that the bankruptcy court lacked subject matter jurisdiction to determine the debtor's post-petition interest obligation on a student loan debt because "post-petition interest neither affects nor is affected by [the debtor] having filed bankruptcy or the administration of her bankruptcy estate");[5] *McAlpin v. Educ. Credit Mgmt.*

---

constitutes an "undue hardship." No such determination was sought or obtained in this case.

**4.** The nature of a debtor's ongoing obligation for post-petition interest and other costs, depending on the terms of the parties' contract, is described in the *Chapter 13 Bankruptcy treatise:*

> If the educational loan is nondischargeable, then the contract provision for interest is enforceable as a personal liability of the debtor after the discharge of other debts under the plan. Although the student loan claim holder cannot have an allowable claim during the Chapter 13 case for post-petition (unmatured) interest [pursuant to 11 U.S.C. § 502(b)(2)], nothing in the Bankruptcy Code interferes with the accrual of postpetition interest and collection costs that survive discharge.

Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Ed., § 346.1, at ¶ 16, Sec. Rev. June 17, 2004, www.Ch13online. com.

**5.** In *Kirkland*, the Fourth Circuit was presented with more difficult facts than those in the current adversary including a failure of the Chapter 13 Trustee to properly distribute funds to a student loan creditor on its allowed claim according to the terms of the confirmed plan and a bankruptcy court that attempted to discharge some portion of the creditor's post-petition interest and collection costs even though such relief was not requested by either party. 600 F.3d at 312–313, 315. Nonetheless, the Fourth Circuit's holding is applicable to the case at hand: Because a student loan creditor's post-petition interest and collection costs arise entirely independent from the debtor's bankruptcy proceeding, the creditor's

Corp. (In re McAlpin), 278 F.3d 866, 868 (8th Cir.2002). This court agrees with the Fourth and Eighth Circuits' assessment of a bankruptcy court's limited jurisdiction. To the extent that the Debtor's Complaint requests a judgment that ECMC and Nelnet are not entitled to accrue post-petition interest and other costs or a calculation of such amounts due under the terms of the parties' agreement, those claims lack a close nexus to the Debtor's bankruptcy case. Consequently, those claims are dismissed without prejudice for lack of subject matter jurisdiction.

■ However, the Debtor states a separate claim, albeit more indirectly, that falls within the court's jurisdictional authority. This separate claim arises from the Debtor's factual allegation that the post-discharge letter she received from Nelnet advised her that she still owed $17,513.56 on the student loan obligation. The Debtor contends that this letter represents an attempt to recover more than what could have accrued post-petition and is, in fact, an attempt to collect upon the pre-petition student loan claim paid through the plan. ECMC disputes these facts and asserts that it has fully accounted for the payment of $24,147.04 through the Debtor's Chapter 13 plan towards its pre-petition claim. Nonetheless, in a pretrial statement, ECMC takes the position that the post-petition amount owed by the Debtor totals $10,398.14, an amount that is significantly less than what was demanded in Nelnet's letter to the Debtor.[6] Without judging the merits, the Debtor's allegations raise the possibility that the student loan creditors have failed to properly ac-

count for the satisfaction of their pre-petition claim through the Debtor's confirmed Chapter 13 plan.

■ Although jurisdiction becomes more restricted post-confirmation and the closing of the case, bankruptcy courts retain jurisdiction to determine whether a creditor's collection efforts violate the terms of a debtor's binding Chapter 13 plan pursuant to 11 U.S.C. § 1327(a) and the court's confirmation order. See, e.g., Rodriguez v. Countrywide Home Loans, Inc. (In re Rodriguez), 396 B.R. 436, 450–52 (Bankr.S.D.Tex.2008) (bankruptcy courts retain jurisdiction in closed Chapter 13 cases to determine disputes arising under a debtor's confirmed Chapter 13 plan including whether a creditor's post-discharge collection practices violate the plan and confirmation order); In re Janssen, 396 B.R. 624, 636–37 (Bankr.E.D.Pa.2008) (bankruptcy court could exercise post-confirmation jurisdiction over matters with a close nexus to the chapter 13 plan including how a mortgage creditor accounted for payments received during a chapter 13 plan and whether the creditor's post-discharge demands constituted an attempt to collect on a pre-petition claim). See also Loving, 269 B.R. at 657–58 (finding subject matter jurisdiction over a similar student loan collection controversy although the matter was construed as a discharge injunction issue).

Whether Nelnet and ECMC's post-petition collection efforts comply with or violate the terms of the Debtor's confirmed Chapter 13 plan is an issue that arises in bankruptcy with a close nexus to the bind-

---

claim for and attempted collection of such amounts does not arise "under title 11" nor is it a proceeding "arising in" or "related to" the debtor's bankruptcy case. Id. at 316.

**6.** At this early stage in the litigation and without an answer from Nelnet, the court is not in

a position to determine the nature of the relationship between Defendants ECMC and Nelnet and why Nelnet would allegedly send a collection letter to the Debtor on a student loan obligation that had been previously assigned to ECMC.

ing plan and the administration of the bankruptcy case. Consequently, the court retains subject matter jurisdiction to address that issue. To this limited extent, the Debtor's complaint will not be dismissed.

### CONCLUSION

The court lacks subject matter jurisdiction over the claims in the Debtor's Complaint requesting a determination that ECMC and Nelnet are not entitled to post-petition interest and collection costs and a calculation of the post-petition amounts owed. Consequently, those claims are dismissed.

The court retains jurisdiction to determine whether the student loan creditors have complied with the binding terms of the Debtor's Chapter 13 plan and confirmation order. This determination necessarily may require an accounting of how payments received by ECMC and Nelnet through the Debtor's Chapter 13 plan were applied and the creditors arrived at the amount they are currently attempting to collect.

The court is contemporaneously entering a separate order consistent with this decision.

**IT IS SO ORDERED.**