**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1568

MDC INNOVATIONS, LLC; MDC INVENTIONS, LLC; JASON MCDONALD,

Defendants - Appellants,

v.

MARK ALLEN HALL,

Defendant - Appellee,

JOHN A. NORTHEN, Trustee for C&M Investments of High Point, Inc., C. Wayne
McDonald Contractor, Inc., C. Wayne McDonald and Wendy C. McDonald,

Trustee - Appellee,

and

C. WAYNE MCDONALD; WENDY C. MCDONALD,

Defendants,

CAPITAL BANK, NATIONAL ASSOCIATION; COMMUNITY ONE BANK,

Creditors,

CHARLES MARSHALL IVEY, III,

Trustee,

C AND M INVESTMENTS OF HIGH POINT, INC.,

Debtor.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:16-cv-00643-WO)

Submitted: January 31, 2018                    Decided: March 1, 2018

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

Rayford K. Adams, III, M. Rebecca Hendrix, SPILMAN, THOMAS & BATTLE, PLLC, Winston-Salem, North Carolina, for Appellant. Peter J. Juran, Ashley S. Rusher, BLANCO TACKABERY & MATAMOROS, P.A., Winston-Salem, North Carolina; John A. Northen, John Paul H. Cournoyer, NORTHEN BLUE, LLP, Chapel Hill, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Trustee in the bankruptcy proceeding of C. Wayne McDonald and related entities filed an adversary complaint against the Appellants, MDC Innovations, LLC, MDC Inventions, LLC, and Jason McDonald, and Appellee Mark Allen Hall, seeking to determine Wayne and Jason McDonald and Hall's relative ownership interests in the MDC companies and the ownership of intellectual property held by Jason McDonald. The complaint sought, inter alia, a declaratory judgment that at the time of the filing of the bankruptcy petition, Wayne and Jason McDonald each owned 38.75% of the MDC companies and Hall owned the remaining 22.5%, and that Jason McDonald was obligated to assign the intellectual property to the MDC companies. The complaint also sought to avoid a purported transfer of Wayne's interest in the MDC companies to Jason.

Hall filed several cross-claims against MDC and Jason McDonald, in which he also sought a determination regarding Jason's obligation to transfer the intellectual property to the MDC companies and the parties' respective ownership interests in the MDC companies, but further sought a declaration that he was entitled to obtain an additional 10.83% of the companies with an additional monetary investment. Hall also asserted alternative causes of action for fraud, and unfair and deceptive trade practices with respect to the assignment of the intellectual property rights and specific performance to require Jason to transfer that property to the MDC companies. The claims regarding the intellectual property were based on an oral agreement Jason and Wayne made to Hall to assign such property to the MDC companies as their capital contributions.

3

Before the bankruptcy court, the Appellants averred that the claims in the adversary complaint were core claims under 28 U.S.C. § 157 (2012), and that the issues asserted in Hall's cross-claims were non-core matters. With respect to the non-core claims, the Appellants declined to consent to the bankruptcy court's entering a final judgment and instead demanded a jury trial. *See* 28 U.S.C. § 157(c). Following the bankruptcy court's order disposing of the parties' respective summary judgment motions in which the court asserted that it had obtained the Appellants' consent to enter a final judgment on all matters as they had failed to object to such in their summary judgment motion and related briefs, however, the Appellants did not object to that court's statement or move for withdrawal of those matters to the district court, but participated in a bench trial before the bankruptcy court.

Following the trial, the bankruptcy court determined that Wayne and Jason each owned 38.75% of the MDC companies and Hall owned 22.5% thereof, and ordered Jason to assign the patents to the MDC companies, based on his oral agreement to Hall that he would do so. That court determined that any transfer of Wayne's interest in the companies to Jason was either fraudulent or otherwise avoidable. The bankruptcy court further concluded that the cross-claims' remaining requests for relief were rendered moot by the court's determinations on these issues. The Appellants appealed to the district court, challenging the bankruptcy court's conclusions on the merits, and objecting to that court's entry of a final judgment on Hall's cross-claims. The Appellants asserted that they never consented to that court's entry of a final order on those issues. The district court affirmed

4

the bankruptcy court's order, and determined that the Appellants had consented to that court's entry of a final judgment on all the claims.

On appeal to this court, the Appellants argue for the first time that the bankruptcy court lacked subject matter jurisdiction over Hall's claims regarding the ownership of the MDC companies and the claims asserting that Jason McDonald had promised to assign the intellectual property to the MDC companies. The Appellants also challenge the district court's conclusion that they consented to entry of a final judgment on the ownership issues by the bankruptcy court. The Appellants assert that, without such consent, the bankruptcy court could only have issued proposed findings of fact and conclusions of law that the district court should have reviewed de novo, rather than applying the traditional appellate review standards that the district court applied. For the reasons that follow, we affirm in part and vacate and remand in part.

"Where, as here, a district court acts as a bankruptcy appellate court, our review of its decision is plenary." *SG Homes Assoc. v. Marinucci*, 718 F.3d 327, 333 (4th Cir. 2013) (internal quotation marks and alteration omitted). We review the bankruptcy court's decision independently, reviewing the court's factual findings for clear error and legal conclusions de novo. *Id.*

District courts have exclusive jurisdiction of all cases arising under Title 11, and original, but not exclusive, jurisdiction over civil proceedings arising under Title 11 and arising in or related to cases under Title 11. 28 U.S.C. § 1334(a), (b) (2012); *see also Stern v. Marshall*, 564 U.S. 462, 473 (2011) ("Congress has divided bankruptcy proceedings into three categories: those that 'arise under title 11'; those that 'arise in' a Title 11 case; and

5

those that are 'related to a case under title 11.'") (quoting 28 U.S.C. § 157(a)). District courts may refer any or all of such proceedings to the bankruptcy court. 28 U.S.C. § 157(a).

With respect to matters that have been so referred, bankruptcy courts have the statutory authority to adjudicate and enter final judgments in "core proceedings" under Title 11, 28 U.S.C. § 157(b)(1); proceedings that "arise under" Title 11 or "arise in" Title 11 cases are core proceedings. *Stern*, 564 U.S. at 474-75. In addition, the statute provides a non-exhaustive list of matters that constitute core proceedings. 28 U.S.C. § 157(b)(2)(A)-(P). Once the bankruptcy court has issued a final order in a core proceeding, a party may appeal that order to the district court, which is obliged to review the bankruptcy court's order under traditional appellate standards, reviewing factual findings for clear error and legal conclusions de novo. *Stern*, 564 U.S. at 474-75.

"A claim arises under Title 11 if it is a cause of action created by the Bankruptcy Code, and which lacks existence outside the context of bankruptcy." *Educ. Credit Mgmt. Corp. v. Kirkland, (In re Kirkland)*, 600 F.3d 310, 316 (4th Cir. 2010) (internal quotation marks omitted). In addition, "[a] proceeding or claim 'arising in' Title 11 is one that is 'not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'" *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007) (citation omitted). Such claims "would have no practical existence but for the bankruptcy." *Id.* (internal quotation marks and citation omitted).

The bankruptcy court may also hear a proceeding that is not a core proceeding, but is "related to" a case under Title 11. 28 U.S.C. § 157(c)(1). However, the bankruptcy court does not possess the statutory authority to enter a final judgment in non-core proceedings;

6

that court, rather, must submit proposed findings of fact and conclusions of law to the district court. *Id.* The district court reviews de novo the portions of the proposed findings and conclusions to which any party has objected and enters a final order or judgment in those proceedings. *Id.* The statute permits an exception to this procedure, however, where all of the parties consent to the bankruptcy court's final adjudication of non-core proceedings, subject to review by the district court under traditional appellate standards. 28 U.S.C. § 157(c)(2).

We have "adopted the test articulated by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), for determining 'related to' jurisdiction." *Valley Historic*, 486 F.3d at 836. "In short, the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (internal quotation marks, citation, and emphasis omitted). This is the case "if the outcome could alter the debtor's rights, liabilities, options[,] or freedom of action (either positively or negatively) and it in any way impacts upon the handling and administration of the bankruptcy estate." *Id.* (internal quotation marks omitted); *see also Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 626 (4th Cir. 1997) (focus is on the potential of the outcome to alter the debtor's rights or liabilities as the possibility of such is enough to confer jurisdiction). "The 'related to' category of cases is quite broad" and should be "broadly interpreted." *Bergstrom v. Dalkon Shield Claimants Tr. (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996) (citations omitted). Thus, under related-to jurisdiction, bankruptcy courts possess "jurisdiction over more than simple proceedings involving the property of

7

the debtor or the estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995); *see also New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) (a related to case need not be against a debtor or his property and may be a civil suit between third parties that has an effect on the bankruptcy estate).

Outside of a bankruptcy court's statutory authority to enter final orders in certain proceedings, however, the court must still possess the constitutional authority to do so. *Stern*, 564 U.S. at 482-83. The Supreme Court has noted that Congress may not in a statute bypass the requirement of Article III, § 1 of the Constitution that the judicial power of the United States must be vested in the Supreme Court and inferior federal courts that Congress establishes "simply because a proceeding may have *some* bearing on a bankruptcy case." *Id.* at 482-99 (emphasis in original). Therefore, in order for a bankruptcy court to possess constitutional authority to enter a final order in a core proceeding, "the action at issue [must] stem[] from the bankruptcy itself or [must] necessarily be resolved in the claims allowance process." *Id.* at 499. In core proceedings that are not resolved in the process of ruling on a creditor's proof of claim, i.e. *Stern* claims, the bankruptcy court may not enter a final order absent the consent of the parties. *Id.* at 482-99; *see Wellness Int'l Network Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

However, "[n]othing in the Constitution requires that consent to adjudication by a bankruptcy court be express." *Wellness*, 135 S. Ct. at 1947. The Supreme Court in *Wellness* adopted the consent standard from *Roell v. Withrow*, 538 U.S. 580 (2003), dealing with consent to proceed before a magistrate judge; thus a litigant's consent, whether express or implied, must be knowing and voluntary. 135 S. Ct. at 1948. The "key inquiry"

8

under this standard is "whether the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the non-Article III adjudicator." *Id.* (internal quotation marks omitted). With respect to the Appellants' assertion that they did not consent to the bankruptcy court's final adjudication of the ownership claims, we have thoroughly reviewed the record and the relevant legal authorities and conclude that the bankruptcy court and the district court correctly concluded that the Appellants impliedly consented to the bankruptcy court's entering a final judgment on all the issues raised by the parties. We therefore conclude that the district court applied the correct standard of review to the bankruptcy court's judgment.

With respect to the Appellants' argument that the bankruptcy court lacked jurisdiction to adjudicate some of the claims asserted by Hall, "[a]lthough [the Appellants] failed to raise the issue of subject matter jurisdiction in the bankruptcy court, we can always consider whether subject matter jurisdiction exists." *Kirkland*, 600 F.3d at 314. "Lack of subject matter jurisdiction may be raised at any time by the parties or by the court," *New Horizon*, 231 F.3d at 150, and subject matter jurisdiction cannot be forfeited or waived. *Kirkland*, 600 F.3d at 314. Moreover, a court is required to satisfy itself of its subject matter jurisdiction even if the parties do not raise the issue. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976).

Here, it is not clear that, particularly with respect to the claims regarding Jason McDonald's assignment of the intellectual property to the MDC companies, the challenged issues involved either core or non-core matters. However, not only did the Appellants not raise this issue before either the bankruptcy court or the district court, they affirmatively

9

stated before the bankruptcy court that the issues raised in the adversary complaint were core and the issues raised in Hall's cross-claims were non-core. In either instance, the bankruptcy court would have had the statutory authority and subject matter jurisdiction to adjudicate the matters and issue either a final judgment or recommended findings to the district court. Under these circumstances, we think it appropriate to have the bankruptcy court consider its subject matter jurisdiction in the first instance. We therefore vacate and remand that issue to the district court with instructions to remand to the bankruptcy court to determine its jurisdiction over the claims regarding the assignment of intellectual property to the MDC companies.

We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*VACATED AND REMANDED IN PART*