SOVRAN, BANK, N.A., ET AL.

v.

CREATIVE INDUSTRIES, INC., ET AL.

Record No. 920300

January 8, 1993

Present: Carrico, C.J., Compton, Stephenson, Whiting, Hassell, and Keenan, JJ., and Poff, Senior Justice

*S. Miles Dumville (Stephen C. Hall; Pamela G. Posey; Vernon E. Inge, Jr.; Hazel & Thomas,* on briefs), for appellants.

*Daniel A. Gecker (Steven S. Biss; Maloney, Yeatts & Barr,* on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether a provision in a contract of sale of real property is sufficient to create a leasehold estate.

On April 24, 1990, A.O. Krautz, Inc. and Richard A. Ledford executed a contract of sale of real property. Ledford agreed to convey to Krautz two parcels of land, described as Lots 4A and 5, Section 6 of the Hanover Industrial Airpark, and improvements thereon for $1,050,000. The property was conveyed by deed dated June 21, 1990, and recorded among the land records of Hanover County.

Sovran Bank, N.A., financed Krautz's purchase of the property as evidenced by two notes, both dated June 29, 1990, one in the principal amount of $787,500 and the other in the principal amount of $262,500.[1]

The two notes were secured by a recorded deed of trust dated June 29, 1990. Default occurred and Krautz was required to pay all amounts due upon the notes on May 10, 1991.

Michael L. Hern, a substitute trustee under the deed of trust, after giving notice as required by law, sold the property to Fred T. Mayers, Jr., at a public auction. Hern has not yet delivered to Mayers a deed to the real property.

Ledford serves as president of Creative Industries, Inc., a Virginia corporation. Creative Industries occupied the property at the time of the foreclosure sale. Upon sale of the property, Sovran and Hern (collectively, Sovran) demanded that Creative Industries and Ledford vacate the premises, but they refused to do so.

Sovran instituted this suit by filing a bill of complaint for unlawful detainer and sought an injunction enjoining Creative Industries and Ledford from continuing to occupy the property. Creative Industries and Ledford filed responsive pleadings and a counterclaim. They alleged that Ledford has a leasehold estate in approximately 3,088 square feet of office space located on the real property and that his leasehold estate is superior to Sovran's deed of trust.

All the litigants filed motions for summary judgment. The chancellor held that Ledford and Creative Industries are entitled to possession of a portion of the property pursuant to a lease and that the leasehold estate ''shall survive a foreclosure under the terms of the

---

[1] The original $262,500 note was replaced by a note dated September 18, 1990, in the same principal amount.

Deed of Trust." We awarded an appeal to Sovran. Creative Industries, Inc. and Ledford assigned cross-error.[2]

Sovran argues that the chancellor erred by holding that Ledford and Creative Industries have a leasehold estate that survived the foreclosure sale. Sovran asserts that "a valid lease must include, as an essential term, a description of the leased property that identifies with reasonable certainty the property which is the subject of the lease" and that the contract of sale, which purportedly created the leasehold estate in this case, fails to do so. Creative Industries and Ledford contend that paragraph 18 of the contract of sale created a leasehold estate, which commenced upon the conveyance from Ledford to Krautz.

Paragraph 18 of the contract states:

*Lease to Seller.* Buyer agrees that, immediately following its acquisition of the property, it will lease to Seller approximately 3,088 sq. feet of office space for a period of one year. Seller agrees to pay to Buyer, in advance, the sum of $2,000 per month as rent, which shall include utilities and telephone equipment. Seller acknowledges that the 3,088 sq. feet of office space may not be the space currently occupied by Seller.

Creative Industries and Ledford contend the identity of the leased property was described with reasonable certainty. They argue: "Read in context with surrounding provisions in the lease, it is clear the parties intended that Ledford occupy the office space it 'currently occupied' on the Property, although the parties contemplated moving the location of Ledford's office within the Property." We do not agree.

■ If a lease is to be enforced, it must contain, as an essential element, an adequate description of the leased premises. We have

---

[2] Creative Industries and Ledford advanced several procedural issues here, none of which has any merit. Contrary to the argument of Creative Industries and Ledford, we hold as follows. First, the chancellor's decree is an appealable order because it requires "the possession . . . of property to be changed." Code § 8.01-670(B)(2). Second, Sovran has standing to prosecute the unlawful detainer action; the trustee under a deed of trust retains legal title to the property until the deed is delivered and here, the purchaser has not received a deed. *See The Ryland Group* v. *Wills*, 229 Va. 459, 464, 331 S.E.2d 399, 403 (1985). Third, Sovran has an interest in the proceeds from the foreclosure sale and, thus, may be entitled to the protection of the injunction sought in the bill of complaint. Fourth, Sovran properly preserved in the trial court the errors assigned on appeal.

stated, in the context of a deed which conveyed land, certain principles that are equally pertinent here:

> A deed conveying land must give such a description of the property intended to be conveyed as will be sufficient to identify it with reasonable certainty. *Harris* v. *Scott*, 179 Va. 102, 109, 18 S.E.2d 305, 308 (1942); *Butcher* v. *Creel's Heirs*, 50 Va. (9 Gratt.) 201, 203 (1852). The same principle is applicable to the description excepting or reserving certain property from the operation of a conveyance. If the land excepted or reserved cannot be determined with reasonable certainty, the exception is void and the grantee is vested with title to the entire tract described, including the part sought to be excepted.

*Chesapeake Corp.* v. *McCreery*, 216 Va. 33, 37, 216 S.E.2d 22, 25 (1975).

■ Applying these principles, we hold that the contract of sale does not create a leasehold estate because the contract fails to identify the leased premises with reasonable certainty. The property that is the subject of the contract of sale consists of two separate parcels described as Lots 4A and 5, Section 6 of the Hanover Industrial Airpark. The language in paragraph 18 of the purported lease utterly fails to describe the location of the leased premises. Additionally, the language makes clear that the 3,088 square feet of office space that Ledford contends he leased may not be the same space Ledford currently occupies. Thus, there is no language in the contract that describes the demised premises with the required degree of specificity.

Accordingly, we will reverse the judgment of the trial court, and we will enter final judgment for Sovran. We will remand this case with direction that the trial court enter a mandatory injunction requiring Creative Industries and Ledford to vacate the property.

*Reversed and final judgment.*