**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JUDITH J. MOFFITT,

*Plaintiff-Appellant,*

v.

RESIDENTIAL FUNDING COMPANY,
LLC; JP MORGAN CHASE BANK,
N.A.,

*Defendants-Appellees.*

No. 10-1316

LYNN A. FULMORE,

*Plaintiff-Appellant,*

v.

PREMIER FINANCIAL CORPORATION,
on behalf of Maximus Financial
Corporation; SOVEREIGN BANK, a
U.S. Savings Bank,

*Defendants-Appellees.*

No. 10-1319

EDWIN RUBLE,

                   *Plaintiff-Appellant,*

                   v.

THE MORTGAGE CONSULTANTS
INCORPORATED, a Maryland
Corporation; BANC ONE FINANCIAL
SERVICES, INCORPORATED,

                   *Defendants-Appellees.*

No. 10-1321

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(1:09-cv-02029-JFM; 1:09-cv-02028-JFM;
1:09-cv-02056-JFM)

Argued: March 26, 2010

Decided: May 3, 2010

Before WILKINSON, NIEMEYER, and SHEDD,
Circuit Judges.

Affirmed by published opinion. Judge Wilkinson wrote the
opinion, in which Judge Niemeyer and Judge Shedd joined.

**COUNSEL**

**ARGUED**: Edwin David Hoskins, THE LAW OFFICES OF
E. DAVID HOSKINS, LLC, Baltimore, Maryland, for Appel-
lants. James Christopher Martin, REED SMITH, LLP, Pitts-

burgh, Pennsylvania, for Appellees. **ON BRIEF:** Thomas L. Allen, John M. McIntyre, David J. de Jesus, REED SMITH LLP, Pittsburgh, Pennsylvania, Gerard J. Gaeng, ROSENBERG, MARTIN, GREENBERG, LLP, Baltimore, Maryland, for Appellees Residential Funding Company, LLC, and Sovereign Bank; LeAnn Pedersen Pope, Victoria R. Collado, Andrew D. LeMar, BURKE, WARREN, MACKAY & SERRITELLA, PC, Chicago, Illinois, for Appellees JP Morgan Chase Bank, N.A., and Banc One Financial Services, Incorporated; Philip M. Andrews, Katrina J. Dennis, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellee Premier Financial Corporation; Alexander Y. Thomas, Richard D. Holzheimer, REED SMITH LLP, Falls Church, Virginia, Andrew C. Bernasconi, REED SMITH LLP, Washington, D.C., for Appellee Banc One Financial Services, Incorporated.

---

## OPINION

WILKINSON, Circuit Judge:

In these three interlocutory appeals, the plaintiffs challenge the district court's denial of their motions to remand their cases to state court. While the procedural history of these cases is involved, the legal issue is straightforward. After their cases were removed and prior to moving to remand, the plaintiffs filed amended complaints in federal court that alleged facts giving rise to federal diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Given these circumstances, we need not decide whether the cases were improperly removed. Even assuming that they were, we conclude that the amended complaints provided an independent basis for the district court to retain jurisdiction.

I.

The relevant facts in these three cases are as follows. In 2003, Judith Moffitt, Lynn Fulmore, and Edwin Ruble (collectively, "plaintiffs") each filed individual complaints in Maryland trial court alleging violations of the Maryland Secondary Mortgage Loan Law against various financial entities (collectively, "defendants"). In 2006, the trial court dismissed plaintiffs' claims on the ground that they were barred by the statute of limitations. But in 2009, the Maryland Court of Appeals reversed, permitting the cases to go forward. *Master Fin., Inc. v. Crowder*, 972 A.2d 864 (Md. 2009).

Following this decision, plaintiffs' counsel sent defendants' counsel a letter stating that plaintiffs intended to amend their individual complaints into class actions. Enclosed with the letter were draft copies of three amended class action complaints. According to these complaints, each putative class consisted of "thousands of members." While the draft complaints did not specify the amounts in controversy, the letter estimated that "the value of an individual claim will likely range from $20,000 to $90,000."

Upon receiving these documents, defendants believed that plaintiffs were alleging facts giving rise to federal diversity jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d). They further believed that the draft complaints qualified as "other paper[s]" under 28 U.S.C. § 1446(b), which provides that a defendant may remove a case that was not initially removable within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Fearing that the thirty-day deadline would expire before plaintiffs actually filed the amended complaints, defendants went ahead and removed the cases to the United States District Court for the District of Maryland.

After removal, plaintiffs filed final versions of their amended class action complaints in the federal court. As

plaintiffs acknowledge, these complaints satisfied the requirements for federal diversity jurisdiction under CAFA. 28 U.S.C. § 1332(d). Each complaint named at least one defendant who was diverse in citizenship from at least one plaintiff, § 1332(d)(2)(A); sought aggregate damages in excess of $5,000,000, exclusive of interests and costs, § 1332(d)(2), (6); and alleged that there were at least one hundred class members, § 1332(d)(5)(B). After plaintiffs filed these complaints, defendants filed motions for leave to amend their original notices of removal in order to base removal on plaintiffs' actual filing of the complaints.

A few weeks after filing their amended class action complaints, plaintiffs moved to remand the cases to state court. In their view, neither the letter nor the enclosed draft complaints that they sent to defendants qualified as "other paper[s]" within the meaning of 28 U.S.C. § 1446(b). Thus, they argued, defendants had jumped the gun by removing the cases before plaintiffs had actually filed the amended complaints.

Without deciding whether removal had been improper, the district court denied plaintiffs' motions for remand. *Moffitt v. Balt. Am. Mortgage*, 665 F. Supp. 2d 515 (D. Md. 2009). It reasoned that by filing amended class action complaints alleging "facts that clearly give rise to federal jurisdiction," plaintiffs had waived their rights to seek remand. *Id.* at 517. In its view, this ruling was supported by "considerations of sound policy." *Id.* Had plaintiffs filed their amended complaints in state court, it explained, "defendants could then have filed renewed notices of removal, eliminating the 'other paper' issue upon which plaintiff[s'] current motions to remand are based." *Id.* In the alternative, the district court granted defendants' motions for leave to amend their notices of removal. *Id.* at 517 n.2.

Following the district court's ruling, plaintiffs timely petitioned this court for permission to file interlocutory appeals

under 28 U.S.C. § 1453(c)(1) of CAFA. We granted their petitions on March 25, 2010.

## II.

On appeal, plaintiffs' principal argument is that the district court was required to remand these cases because federal subject matter jurisdiction did not exist at the time of removal. In their view, the district court should have given no consideration to the fact that they filed amended complaints prior to moving to remand. We review *de novo* the district court's denial of plaintiffs' motions. *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005).

The removal statute, 28 U.S.C. § 1441(a), requires that a case "be fit for federal adjudication at the time the removal petition is filed." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). But the mere fact that a case does not meet this timing requirement is not "fatal to federal-court adjudication" where jurisdictional defects are subsequently cured. *Id.* at 64. Thus, if a plaintiff voluntarily amends his complaint to allege a basis for federal jurisdiction, a federal court may exercise jurisdiction even if the case was improperly removed. In *Pegram v. Herdrich*, 530 U.S. 211 (2000), for instance, the Supreme Court reasoned that because the plaintiff had amended her complaint to add federal claims, "we therefore have jurisdiction regardless of the correctness of the removal." *Id.* at 215 n.2. Likewise, in *Cades v. H & R Block, Inc.*, 43 F.3d 869 (4th Cir. 1994), this court found no need to address the plaintiff's argument that diversity jurisdiction was lacking at the time of removal because the plaintiff had subsequently amended her complaint to add claims which "firmly established" federal jurisdiction. *Id.* at 873. As we explained, "an initial lack of the right to removal may be cured when the final posture of the case does not wrongfully extend federal jurisdiction." *Id.* (citing *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 16 (1951)).

Other circuits have reached similar conclusions. *See*, *e.g.*, *Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 56 (2d Cir. 1996) ("[I]f a district court erroneously exercises removal jurisdiction over an action, and the plaintiff voluntarily amends the complaint to allege federal claims, we will not remand for want of jurisdiction."); *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 185 (7th Cir. 1984) ("[O]nce [the plaintiff] decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there.").

Turning to the facts here, we assume without deciding that these cases were removed at a time when they did not satisfy federal subject matter jurisdiction. But even if they were, plaintiffs independently conferred jurisdiction on the district court by filing their amended class action complaints prior to moving to remand. As plaintiffs acknowledge and the district court stated, these complaints alleged "facts that clearly give rise to federal jurisdiction" under CAFA. *Moffitt*, 665 F. Supp. 2d at 517.

Plaintiffs contend, however, that this line of precedent, which excuses jurisdictional defects at the time of removal when they are later cured, does not apply here. In their view, the cases above were concerned solely with preventing parties from attacking final judgments on the basis of improper removals and are therefore inapplicable where, as here, a case is taken up on interlocutory appeal. We disagree. As we have recognized, this line of precedent is grounded not only in the interest of "finality" but also in larger considerations of "judicial economy." *Able v. Upjohn Co., Inc.*, 829 F.2d 1330, 1334 (4th Cir. 1987), *overruled on other grounds by Caterpillar*, 519 U.S. at 74 n.11. In *Caterpillar*, for instance, the Court emphasized that remanding the case after the jurisdictional defect had been cured would "'impose unnecessary and wasteful burdens on the parties, judges, and other litigants.'" 519 U.S. at 76 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836 (1989)). While such concerns of

judicial economy are often implicated after a case reaches final judgment, they are not confined to that situation. Requiring pointless movement between state and federal court before a case is tried on the merits can likewise impose significant costs on both courts and litigants. We thus see no need to abandon this line of precedent simply because this case happens to be before us on interlocutory appeal.

Here, it would be a waste of judicial resources to remand these cases on the basis of an antecedent violation of the removal statute now that jurisdiction has been established. Were we to do so, defendants would almost certainly remove the cases back to federal court in light of plaintiffs' amended class action complaints. Plaintiffs have expressed no intent to abandon their class action complaints, and defendants would thus be able to file renewed notices of removal once the cases landed back in state court.* Moreover, defendants would not have to worry about the normal one-year limitation on removing diversity cases since it does not apply to class actions. *See* 28 U.S.C. § 1453(b). Thus, these cases would likely end up in federal court regardless of whether we ordered remands at this juncture. Like the district court, we think that considerations of judicial economy weigh against requiring such a pointless exercise and in favor of allowing this case to go forward in a federal forum where jurisdiction has been perfected.

Thus, we conclude that the district court did not err in retaining jurisdiction after plaintiffs filed their amended class action complaints. Having affirmed the district court's ruling on this basis, we need not address plaintiffs' argument that the

---

*Plaintiffs contest this point. In their view, the thirty-day deadline for removal started when they filed their amended class action complaints in federal court and thus has long since expired. We, however, find it illogical to contend that a case becomes removable to federal court when it is already in federal court. Thus, we think it plain that these cases would not become removable until after they were remanded to state court, assuming of course that defendants' initial removal was improper.

district court erred in granting defendants leave to amend their initial notices of removal.

## III.

Accordingly, the district court's order is

*AFFIRMED*.