# CIRCUIT COURT OF THE CITY OF NORFOLK

Financial Freedom
Acquisition, L.L.C.,
and Richard E. Craig,
Trustee

v.

Jewish Family Service
of Tidewater, Inc.,
Mary Jablonski Clinton,
and Ronnie Jablonski

August 29, 2012

Case No. (Civil) CL10-1782

By Judge Charles E. Poston

This matter comes before the Court after the conclusion of the trial and a post-trial evidentiary hearing. For the reasons expressed below, the Court denies Plaintiff's request for declaratory judgment that its loan is secured by the Deed of Trust against the entirety of Lot 58. Conversely, the Court grants Plaintiff's request to declare that the Deed of Trust is a lien against Mr. Jablonski's undivided one-third interest in Lot 58.

### Procedural Posture

On March 12, 2010, Financial Freedom Acquisition, L.L.C. ("the Plaintiff") filed its complaint to quiet title ("the Complaint"), asking this Court to determine ownership of Lot 58, located at 7405 Hedgewood Lane in the City of Norfolk at the time Henry Jablonski ("Mr. Jablonski") executed a deed of trust in favor of the Plaintiff's predecessor-in-interest ("the Deed of Trust"). The Complaint named Jewish Family Service of Tidewater, Inc., Mary Jablonski Clinton ("Mrs. Clinton"), and Ronnie Jablonski ("Mr. Jablonski, Jr.") as defendants (collectively, "the Defendants"). The Defendants filed a counterclaim on April 23, 2010, requesting that the

Deed of Trust be rescinded due to Mr. Jablonski's lack of mental capacity at the time he signed the Deed of Trust. The Court dismissed Defendants' counterclaim on November 16, 2011, and requested the parties present evidence of what property was conveyed by the deed of gift dated February 1, 2008 ("the Deed of Gift"). At the May 9, 2012, post-trial hearing Jewish Family Service of Tidewater, Inc., was removed as a party defendant.

## Background

The remaining question is whether the Deed of Gift conveyed Lot 58 to Mr. Jablonski, Mrs. Clinton, and Mr. Jablonski, Jr., as joint tenants with rights of survivorship. The Deed of Gift purported to convey two parcels, Lot 56 and Lot 57. (Pl. Ex. 6.) The evidence presented at the evidentiary hearing indicated that Mr. Jablonski never owned Lot 56 and had sold Lot 57 in 1952. (Pl. Ex. 2.) However, Mr. Jablonski did own Lot 58 when the Deed of Gift was executed. Lot 58 was conveyed to Mr. Jablonski and his wife, Melva G. Jablonski, by Edward L. Marshall and wife on January 5, 1948, by deed recorded in Deed Book 504 at page 472. (Pl. Ex. 1.) Defendants claimed Lot 58 was the property Mr. Jablonski intended to convey by the Deed of Gift.

Mrs. Clinton, acting under a power of attorney, executed a deed of correction ("the Deed of Correction"), which purported to rectify the errors contained in the Deed of Gift and to identify the property conveyed as Lot 58. (Pl. Ex. 8.) The Plaintiff disputed that the Deed of Gift conveyed Lot 58 and alleged that the Deed of Correction did not correct anything, but instead constituted a new deed of gift.

## Discussion

The Court must now decide whether the Deed of Gift conveyed Lot 58 to Mr. Jablonski, Mrs. Clinton, and Mr. Jablonski, Jr., as joint tenants with rights of survivorship. In Virginia, a "deed conveying land must give such a description of the property intended to be conveyed as will be sufficient to identify it with reasonable certainty." *Sovran Bank, N.A. v. Creative Industries, Inc.*, 245 Va. 93, 96 (1993). "An ambiguity exists when language is of doubtful import, admits of being understood in more than one way, admits of two or more meanings, or refers to two or more things at the same time." *Allen v. Green*, 229 Va. 588, 592 (1985).

There is no dispute that the plain language of the Deed of Gift contains an ambiguous description of the land being conveyed. The plain language of the Deed of Gift purported to convey Lot 56 and Lot 57, but Mr. Jablonski never owned Lot 56 and had sold Lot 57 in 1952. (Pl. Ex. 2.) Furthermore, the property description contained in the Deed of Gift pertaining to Lot 56, which references the property conveyed by "deed dated January 5, 1948,

and recorded in Deed Book 504 at page 472," in fact refers to Lot 58. (Pl. Ex. 6.) The property description pertaining to Lot 56 also refers to it as that "property conveyed by Edward L. Marshall and wife to W. M. Townsend, Howard G. Martin, and W. D. Preston, Trustees, of the Chesapeake Building Association," *id.*, whereas Lot 58 was conveyed by Edward L. Marshall and his wife, Veatrice R. Marshall, to Mr. Jablonski and his wife, Melva G. Jablonski, (Pl. Ex. 1.)

Despite the ambiguity, a "deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey." *Midkiff v. Glass*, 139 Va. 218, 225 (1924); *see Matney v. Cedar Land Farms, Inc.*, 216 Va. 932, 936 (1976). Accordingly, if the property intended to be conveyed can be identified with reasonable certainty based on the description recited and the extrinsic evidence referenced in the deed, then the deed has conveyed the property.

Upon consideration of the deed and the extrinsic evidence, the Court finds that Lot 58 was conveyed by the Deed of Gift to Mr. Jablonski, Mrs. Clinton, and Mr. Jablonski, Jr., as joint tenants with rights of survivorship. The Deed of Gift unmistakably identifies Lot 58 as the property being conveyed, despite the fact that the words "Lot 58" do not appear in the property description. First, as stated earlier, the property description pertaining to Lot 56 actually describes Lot 58 by referring to that property which was conveyed by "deed dated January 5, 1948, and recorded in Deed Book 504 at page 472." (Pl. Ex. 6.) Lot 58 was conveyed to Mr. Jablonski and his wife, Melva G. Jablonski, by Edward L. Marshall and wife on January 5, 1948, and the deed was recorded in Deed Book 504 at page 472. (Pl. Ex. 1.)

Second, the fact that the property description never included the words "Lot 58" is not determinative. The use of an incorrect lot number in a property description must be examined in light of the extrinsic evidence. *See Matney*, 216 Va. at 935 (a deed describing the property by lot number and reference to a plat that did not include the lot sold, aided by extrinsic evidence, was not void and adequately identified the property). It is without contest that Mr. Jablonski never owned Lot 56. Mr. Jablonski did, however, own Lot 58. Considering this fact in light of the evidence that the property description references the deed conveying Lot 58, the Court views the inaccurate description of the property as "Lot 56" as a mere scrivener's error.

Third, the property description's reference to an erroneous grantee does not dissuade the Court from finding that the Deed of Gift conveyed Lot 58. The property description refers to that "property conveyed by Edward L. Marshall and wife to W. M. Townsend, Howard G. Martin, and W. D. Preston, Trustees, of the Chesapeake Building Association." (Pl. Ex. 6.) Lot 58, however, was conveyed by Edward L. Marshall and wife to Mr.

Jablonski and his wife, Melva G. Jablonski. (Pl. Ex. 1.) The evidence submitted to this Court contains no reference to any deed in which W. M. Townsend, Howard G. Martin, and W. D. Preston, Trustees of the Chesapeake Building Association, were involved. The reference to the erroneous grantee in the property description neither supports nor detracts from Defendants' assertion that Lot 58 was conveyed by the Deed of Gift.

Accordingly, Lot 58 has been identified with reasonable certainty as the property intended to be conveyed by the Deed of Gift. In light of this determination, the Court need not address the validity of the Deed of Correction.

## Conclusion

The Court finds that the Deed of Gift conveyed Lot 58 to Mr. Jablonski, Mrs. Clinton, and Mr. Jablonski, Jr., as joint tenants with rights of survivorship. Therefore, the Court denies Plaintiff's request for a declaratory judgment that its loan is secured by the Deed of Trust against the entirety of Lot 58, and grants Plaintiff's request to declare that the Deed of Trust is a lien against Mr. Jablonski's undivided one-third interest in Lot 58.